## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMES GOAD, an individual; | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-282-M |
| | ) | |
| (1) TOWN OF MEEKER, a Municipal | ) | |
| corporation; and (2) SAMUEL D. BYRD, in | ) | |
| his official capacity and as an individual; | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

The plaintiff, James Goad, for his claims against the defendants, The Town of Meeker and Samuel D. Byrd, alleges and states as follows:

### I.
### PARTIES

1.      James Goad ("**Mr. Goad**") is an individual person who resides in Meeker, Lincoln County, Oklahoma.

2.      The Town of Meeker ("**Meeker**") is a municipal corporation organized under the laws of Oklahoma.

3.      Upon information and belief, Samuel D. Byrd ("**Mr. Byrd**") is an individual who resides in the Western District of Oklahoma, is Chief of Police for Meeker, and at all material times was a police officer for Meeker.

**II.**
**VENUE AND JURISDICTION**

4.      The claims asserted herein arise from a series of events involving Mr. Goad and Defendants which began on June 4, 2012 and ended on August 8, 2013.  All of the material facts set forth herein took place in the Western District of Oklahoma.  Because the acts forming the basis of this claim occurred in the Western District of Oklahoma and Defendants reside in the Western District, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

5.      In accordance with 28 U.S.C. § 1331, this Court has jurisdiction over all of the claims asserted herein because claims for relief are asserted under 42 U.S.C. § 1983 and pendent jurisdiction exists over the related state law claims pursuant to 28 U.S.C. § 1367(a), as they arise out of the same core of operative facts as Mr. Goad's federal claims.

6.      On November 14, 2013, Mr. Goad sent his Oklahoma Governmental Tort Claims Act Notice to Meeker and Mr. Byrd.  Subsequently, after minor revisions, Mr. Goad sent Defendants an Amended Oklahoma Governmental Tort Claims Act Notice.  The Amended Notice of Tort Claim was served on or about December 16, 2013, giving Defendants ninety (90) days to respond.

7.      No response has been lodged by either defendant.  Therefore, each claim was deemed rejected as of March 17, 2014.  *See* Okla. Stat. tit. 51, § 157(B).  Thereafter, Mr. Goad had 180 days to file his lawsuit pursuant to Okla. Stat. tit. 51, § 157(B).

### III.
### FACTS RELATING TO ALL CLAIMS FOR RELIEF

8.      On June 4, 2012, Sean Sugrue, a police officer employed by Meeker, was on duty and working stationary radar in the construction zone located just north of Red Hill Road and in front of Meeker Supply & Pawn ("Pawn Shop").  Prior to that date, Mr. Goad had posted a sign in front of the Pawn Shop encouraging drivers to slow down and obey traffic laws by warning that a "speed trap" had been set up.  *See* Picture of Speed Trap Warning Sign, attached as Exhibit 1.

9.      At approximately 5:25 p.m., Mr. Goad arrived at the Pawn Shop and asked Officer Sugrue to move his vehicle as he was blocking the driveway to the commercial property.  Officer Sugrue refused.  Mr. Goad told Officer Sugrue that he would take the matter up with the Mayor and City Manager at 6:00 p.m.

10.      At approximately 5:45 p.m. that evening, Mr. Goad left the Pawn Shop heading to City Hall.  Officer Sugrue followed him. When Mr. Goad arrived at City Hall, Officer Sugrue jumped out of his vehicle and accused Mr. Goad of not wearing his seatbelt.  Mr. Goad denied the accusation.  After being informed that Mr. Goad's 1967 Camaro only had a lap belt, no shoulder belt, Officer Sugrue changed his accusation to that of Mr. Goad "rolling" a stop sign.  Mr. Goad again denied Officer Sugrue's allegation.  By this time Mr. Goad had opened the door to City Hall and the Mayor, Aaron Head, was standing at the door as Officer Sugrue proceeded to ask for Mr. Goad's drivers license.  Officer Sugrue was raising his voice telling the City Manager "He has an attitude, and I don't DO attitude!"

3

Officer Sugrue was being very loud, very aggressive and very unprofessional.  At this point the City Manager placed his hand on Mr. Goad's shoulder and led Mr. Goad to his office.

11.    On June 6, 2012, Mr. Goad filed a Citizen's Complaint against Officer Sugrue. *See* Citizen's Complaint, attached as Exhibit 2.

12.    On June 11, 2012, Officer Sugrue signed a statement concerning the incident with Mr. Goad, where in he stated "Mr. Goad needs to know that he does not own the police department and that attempting to get belligerent with a police officer might have some negative effects."  *See* Officer's Statement, attached as Exhibit 3.

13.    On June 13, 2012, Mr. Byrd conducted an administrative investigation of the incident and determined:

> [E]xonerated - allegations true, but result of adherence to proper and appropriate procedures and techniques.  Officer Sugrue has apologized for action that appeared unprofessional and he has been counciled (sic) regarding same by myself and again by Chief Conner.

*See* Samuel Byrd Letter to Mr. Goad, attached as Exhibit 4.  That same day, Mr. Byrd issued a written, "verbal" warning to Officer Sugrue, a copy of which was provided to then Meeker Chief of Police, Don Conner.  *See* Samuel Byrd Letter to Sean Sugrue, attached as Exhibit 5.

14.    On February 16, 2013, Officer Sugrue pulled Mr. Goad over while driving, falsely accusing him of speeding.  Officer Sugrue issued Mr. Goad a speeding ticket for driving 45 mph in a 35 mph zone.

15.    On March 6, 2013, attorney Marna Franklin, Esq., entered an appearance on

4

behalf of Mr. Goad in his traffic case.  In exercise of Mr. Goad's constitutional right to defend himself, Ms. Franklin filed a motion for Officer Sugrue's personnel file to support a claim that Officer Sugrue was retaliating against Mr. Goad for the June 6, 2012 Citizen's Complaint that resulted in Officer Sugrue's reprimand.

16.     The very next day, March 7, 2013, Mr. Byrd ran a NCIC Report on Mr. Goad and signed a sworn Application for Warrant of Arrest for the crimes of Operating a Pawnshop After Felony Conviction; Operating a Pawnshop Without a License; and Making a False Declaration to Law Enforcement.  *See* Application for Arrest Warrant, attached as Exhibit 6.

17.     In Mr. Byrd's Application for Warrant of Arrest, he wrongly swore that Mr. Goad gave a "false sworn declaration" that was used in a personnel proceeding authorized by law.

18.     On March 19, 2013, based on Mr. Byrd's Application, a Warrant of Arrest was issued for Mr. Goad for the crime of "PREPARING FALSE EVIDENCE- a FELONY, on or between the 4th day of June, 2012, and the 6th day of June, 2012, by falsely preparing a notarized instrument in writing producing it as genuine upon an inquiry/investigation authorized by law."  The "instrument" upon which the charge is based is Exhibit 2 to this Complaint.  Mr. Goad was charged with the crime.  *See* copy of the Information, attached as Exhibit 7.

19.     Being advised of the Warrant, Mr. Goad turned himself into the Lincoln County Sheriff's Office on March 21, 2013.  He was arrested, processed, searched, and paid

5

the $5,000.00 bond set for his release.

20.    In response to his arrest, Mr. Goad retained the legal services of attorney Mack

Martin, Esq., who charged and collected from Mr. Goad a flat fee of $25,000.00 for his

defense against the felony charge brought about by Defendants.

21.    On March 28, 2013, to Mr. Goad's humiliation, the Lincoln County News ran

an article entitled "Meeker Pawn Shop Owner Arrested." *See* News Article, attached as

Exhibit 8.

22.    On August 6, 2013, the speeding ticket was dismissed.

23.    On August 8, 2013, the felony charge against Mr. Goad was dismissed.

## IV.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983

Paragraph Nos. 1-23 are re-alleged and adopted as if set forth at length.

24.    The conduct described herein constitutes a violation of Mr. Goad's rights as

a citizen of the United States, under 42 U.S.C. § 1983, to free speech, to petition the

government for a redress of grievances, to be free from unreasonable seizure and wrongful

false arrest, to be free from unreasonable search, to have the assistance of counsel, and to be

free from violations of his rights to due process of law.

25.    The Fourth Amendment's requirement that a search and seizure be reasonable

was clearly established in Oklahoma, and throughout the United States, at the time the

conduct herein occurred.  Likewise, Mr. Goad's right to free speech, assistance of counsel, and due process of law were also well-established throughout the country.

26.     Meeker is liable because Mr. Byrd's actions were part of a policy or custom of Meeker in that it failed to properly supervise, train, and discipline its officers and/or it specifically authorized and condoned Mr. Byrd's activities and Mr. Goad was deprived of constitutionally protected rights as a result.  Moreover, Mr. Byrd was Assistant Chief of Police for Meeker at the time the events described herein took place.  As such, he was an official with final policy making authority.

27.     Mr. Byrd was acting under color of state law when the violation of Mr. Goad's rights occurred because he was clothed with either the actual or apparent authority of the State of Oklahoma and town of Meeker.

28.     In the alternative, Mr. Byrd was not acting within the scope of his employment when some or all of the conduct occurred and his actions were in reckless disregard for the rights of others and malicious.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Mr. Byrd and deter him and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF
### RETALIATION UNDER 42 U.S.C. § 1983

Paragraph Nos. 1-28 are re-alleged and adopted as if set forth at length.

29.    Mr. Goad was exercising his constitutional right to free speech when he posted the Speed Trap Warning sign on the property. *See* Ex. 1.

30.    When Ms. Franklin requested the personnel file of Officer Sugrue, she was doing so in furtherance of Mr. Goad's constitutional right to the assistance of counsel and to defend himself when charged with a crime.

31.    The unfounded speeding ticket and untruthful Application for Warrant of Arrest coupled with the facts alleged herein establish actual vindictiveness, or alternatively, give rise to the presumption of vindictiveness on the part of Defendants.

32.    Mr. Byrd was acting under color of state law when the violation of Mr. Goad's rights occurred because he was clothed with either the actual or apparent authority of the State of Oklahoma and the town of Meeker.

33.    Meeker is liable because Mr. Byrd's actions were part of a policy or custom of Meeker in that it failed to properly supervise, train, and discipline its officers and/or it specifically authorized and condoned Mr. Byrd's activities and Mr. Goad was deprived of constitutionally protected rights as a result.  Moreover, Mr. Byrd was Assistant Chief of Police for Meeker at the time the events described herein took place.  As such, he was an official with final policy making authority.

34.    In the alternative, Mr. Byrd was not acting within the scope of his employment

8

when some or all of the conduct occurred and his actions were in reckless disregard for the rights of others and malicious.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Mr. Byrd and deter him and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

### THIRD CLAIM FOR RELIEF
#### MALICIOUS PROSECUTION AND/OR ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 AND OKLAHOMA LAW

Paragraph Nos. 1-34 are re-alleged and adopted as if set forth at length.

35.     At the time Mr. Byrd sought the arrest warrant for Mr. Goad, he was aware that no probable cause existed for the charges and that his Application for Warrant of Arrest was not truthful, but he nonetheless sought and obtained the arrest warrant to harass, intimidate and/or injure Mr. Goad.

36.     Mr. Goad was damaged as a result of the wrongful conduct of Mr. Byrd.

37.     Mr. Byrd's actions were in reckless disregard for the rights of others and malicious.

38.     The charge, for which the unsupported warrant was issued, was eventually dismissed by the District Attorney's office for Lincoln County.

39.     Meeker is liable because Mr. Byrd's actions were part of a policy or custom

of Meeker in that it failed to properly supervise, train, and discipline its officers and/or it specifically authorized and condoned Mr. Byrd's activities and Mr. Goad was deprived of constitutionally protected rights as a result.  Moreover, Mr. Byrd was Assistant Chief of Police for Meeker at the time the events described herein took place.  As such, he was an official with final policy making authority.

40.     Mr. Byrd was acting under color of state law when he caused the arrest warrant to be issued because he was clothed with either the actual or apparent authority of the State of Oklahoma and the town of Meeker.

41.     In the alternative, Mr. Byrd was not acting within the scope of his employment when some or all of the conduct occurred and his actions were in reckless disregard for the rights of others and malicious.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his damages, plus an award of punitive damages in an amount to exemplify Mr. Byrd and to discourage him from the same or similar conduct, plus a reasonable attorney fee and/or costs of the action and all other relief to which Plaintiff may be entitled.

## FOURTH CLAIM FOR RELIEF
### FALSE ARREST

Paragraph Nos. 1-41 are re-alleged and adopted as if set forth at length.

42.     Mr. Goad's arrest was not supported in any way by a reasonable, articulable suspicion of criminal activity or probable cause.

10

43.     Meeker is liable because Oklahoma enacted the Governmental Tort Claims Act, Okla. Stat. tit., 51 § 151, et seq., which states that a political subdivision of the state shall be liable for loss created by the torts of its employees. *Id.* § 153(A). A political subdivision is statutorily defined to include municipalities in Oklahoma. *Id.* § 152(11)(a). Mr. Byrd was at all relevant times an employee acting within the scope of his employment.

44.     In the alternative, Mr. Byrd was not acting within the scope of his employment when some or all of the conduct occurred and his actions were in reckless disregard for the rights of others and malicious.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for an amount that will reasonably compensate him for his damages, plus a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled. Plaintiff also requests that this Court enter a judgment against Mr. Byrd for punitive damages in an amount to exemplify Mr. Byrd and to deter him and others similarly situated.

## FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraph Nos. 1-44 are re-alleged and adopted as if set forth at length.

45.     Mr. Byrd's conduct described herein was intentional.

46.     Mr. Byrd's filing a false charge against Mr. Goad in retaliation for exercising his constitutional right to assistance of counsel and to defend himself in a criminal proceeding was extreme and outrageous.

47.     As a result of Mr. Byrd's conduct, Mr. Goad suffered severe emotional distress.

11

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Mr. Byrd for an amount that will reasonably compensate him for his damages, for punitive damages in an amount to exemplify Mr. Byrd and to deter him and others similarly situated, plus a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

   /s/ Jack S. Dawson
Jack S. Dawson, OBA #2235
MILLER DOLLARHIDE
210 Park Avenue, Suite 2550
Oklahoma City, Oklahoma 73102
**JURY TRIAL DEMANDED**          Telephone:  (405) 236-8541
**ATTORNEY LIEN CLAIMED**        Facsimile:  (405) 235-8130
jdawson@millerdollarhide.com

and

Marna Franklin, OBA #17148
FRANKLIN LAW FIRM, PC
620 N. Robinson Suite 203
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-2726
Facsimile:  (405) 605-2284
mfranklin@demandproof.com
***Attorneys for Plaintiff***

12